8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Liquidator for
Century Bank (movant), Appellant,
v.
LUDWIG FAMILY TRUST, Debtor,
and
Ralph McDonald, Chapter 11 Trustee, Trustee-Appellee.
 No. 92-16842.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, CHOY, and CANBY, Circuit Judges.
 MEMORANDUM**
 Whether the extension agreement releases FDIC's interest in the Happy Valley property is a question of federal law. See FDIC v. Zook Bros. Constr. Co., 973 F.2d 1448, 1450-51 (9th Cir.1992). Because the extension agreement does not explicitly release the Happy Valley property, it cannot have that effect against FDIC. See id. at 1451. Under 12 U.S.C. § 1823(e), the absence of an explicit writing also bars reliance on the extension agreement to diminish FDIC's interest in the properties. See Zook, 973 F.2d at 1450-52; cf. FSLIC v. Gemini Management, 921 F.2d 241, 245 n. 4 (9th Cir.1990) ("section 1823(e) was meant to offer as much protection as the common law rule in D'Oench "). Neither the innocent obligor exception nor the "no asset" defense to the D'Oench doctrine applies.
 REVERSED and REMANDED.
 
 CANBY, Circuit Judge, concurring:
 
 1
 I concur in the judgment on the strength of FDIC v. Zook Bros. Constr. Co., 973 F.2d 1448, 1451 (9th Cir.1992), a case decided after the bankruptcy court's decision and only three days before the district judge signed his order of affirmance. Zook establishes a federal requirement of explicitness in documents of release that the extension agreement in this case does not meet. Id. at 1451.
 
 
 2
 I do not rely, however, on the doctrine of D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942), or on 12 U.S.C. § 1823(e), both of which are designed to protect the FDIC against secret side agreements that diminish or impair assets appearing in the records of an acquired bank. D'Oench, Duhme, 315 U.S. at 458; see Langley v. FDIC, 484 U.S. 86, 91-92 (1987). Neither D'Oench, Duhme nor section 1823(e) apply to this case, where the document relied on by the Trustee as a release was properly and promptly recorded in the files of the Bank. "If ... the records of a bank evidence all the obligations of the bank, the regulating authority will not be deceived. Thus, D'Oench, Duhme does not bar the assertion of defenses based on a bilateral obligation which appears in the bank's records." FSLIC v. Gemini Management, 921 F.2d 241, 245 (9th Cir.1990) (quoting FDIC v. Two Rivers Assoc., 880 F.2d 1267, 1275 (11th Cir.1989) (emphasis added by Gemini )).
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3